## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRAE TURNER, individually and on behalf of all others similarly situated, | : | **COLLECTIVE ACTION COMPLAINT** |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | Case No: |
| | : | |
| SUMMIT PLASTIC COMPANY d/b/a CREO Greenhouse, | : | Hon. |
| | : | |
| Defendant. | : | |
| | : | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Andrae Turner ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action against Defendant Summit Plastic Company (hereinafter "Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## INTRODUCTION

1.    This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Andrae Turner ("Plaintiff"), individually and on behalf of all similarly

1

situated persons employed by Defendant, arising from Defendant's systematic failure to include all remuneration in their overtime computations in willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.      Defendant manufactures and sells printed plastic containers for the greenhouse industry.[1]

3.      In approximately June-August 2024, Defendant Summit Plastics Company was rebranded as CREO Greenhouse.

4.      Plaintiff and the putative collective members consist of current and former hourly employees of Defendant at its Akron/Mogadore, Ohio location.

5.      Throughout the relevant time period, Defendant maintained a corporate policy and practice of willfully refusing to pay Plaintiff and all similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

6.      In particular, Defendant failed to include non-discretionary pay such as attendance bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating their overtime rates.

7.      As a result of Defendant's willful failure to compensate Plaintiff and all similarly situated employees at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated

---

[1] https://www.linkedin.com/company/creo-greenhouse/ (last visited April 29, 2025).

the FLSA, 29 U.S.C. § 201 *et seq.* including 29 U.S.C. §§ 207(a)(1), 215 (a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

8.    Plaintiff and all similarly situated employees are entitled to back pay, liquidated (double) damages, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

10.    Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

11.    Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

12.    Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendant maintained a manufacturing and business facility at 3175 Gilchrist Road in Mogadore, Ohio.

## PARTIES

13.     Plaintiff is an adult resident of Akron, Ohio and was employed by Defendant Summit Plastic Company from approximately 2007 until August 28, 2024.  Plaintiff's consent to joint form is attached as ***Exhibit A***.

14.     Additional putative Collective members were or are employed by Defendants as hourly employees during the past three years and their consent forms will also be filed in this case.

15.     Defendant is a domestic for-profit company authorized to do business pursuant to the laws of the State of Ohio.

16.     Defendant's resident agent is publicly listed as Interstate Agent Services LLC, 250 E 5th Street, Ste. 2353, Cincinnati, Ohio 45202.

## FACTUAL ALLEGATIONS

17.     Plaintiff worked for SPC as a non-exempt, hourly employee from approximately 2007 until August 28, 2024.

18.     Plaintiff worked out of Defendant's Akron/Mogadore location at 3175 Gilchrist Road in Mogadore, Ohio

19.     Plaintiff's most recent base hourly rate of pay was $26.48.

20.     In addition to the base rate of pay, Defendant regularly incorporated various types of non-discretionary pay into its payment structure.

21.     For example, Defendant promised and pay to its hourly employees non-

discretionary attendance bonus if certain conditions were met.

22.     As non-exempt employees, Defendant's hourly employees are entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

### The Regular Rate of Pay

23.     Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).  It is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." 29 C.F.R. §778.108.

24.     No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated.  29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

25.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation.  Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187

(3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

26.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

27.     Plaintiff's "total remuneration" included not only his base hourly pay, but also any non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses).

28.     Defendant's attendance bonuses and other non-discretionary pay do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

6

29.     Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

30.     Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Defendant's non-discretionary attendance bonuses or other non-discretionary pay as required by the FLSA.

31.     For example, Plaintiff's October 13, 2023 paystub shows 46.5 hours of work (comprised of 40 hours at a $26.48 base rate, and 6.5 hours at a $39.72 overtime base rate) and gross earnings of $1,423.29, inclusive of a $105.91 non-discretionary attendance bonus. **Exhibit B**. However, his overtime rate does not account for the bonus, therefore, violates the FLSA.

32.     To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

33.     In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section

7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

34.    As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.    Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of:

> *All of Defendant's current and former hourly employees who worked for Defendant at any time during the three years preceding the filing of this Complaint.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

36.    Excluded from the proposed FLSA collective are Defendant's executives and any outside sales persons.

37.    Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive non-discretionary attendance bonuses and/or other non-discretionary pay, but such pay was not calculated as part of their regular rate as required by the FLSA.

38.     Upon information and belief, Defendant utilized centralized payroll systems which calculated overtime pay for all similarly situated employees in the same or similar manner.

39.     Resolution of this action requires inquiry into common facts.

40.     These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq.*

41.     Court-authorized notice to Defendant's hourly employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means—including email and text message—and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

42.     Upon information and belief, there are dozens if not hundreds of similarly situated employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

43.     Plaintiff incorporates the foregoing paragraphs as if fully restated

herein.

44.     Defendants was/is an employer within the meaning of 29 U.S.C. § 203(d).

45.     Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

46.     The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's non-discretionary attendance bonus does not fall into any of those exceptions.

47.     Defendants failed to include non-discretionary attendance bonuses and/or other non-discretionary pay into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees worked overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

48.     At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

49.     As a result of Defendant's willful failure to compensate Plaintiff and

the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50.    Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

51.    Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a.   Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff lists of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b.   An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

c.   A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e.   A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f.   An award of pre-judgment and post-judgment interest;

g.   An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h.   Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, and all others similarly situated, hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: June 12, 2025

Respectfully submitted,

*/s/Matthew L. Turner*
Matthew L. Turner (P48706)
Paulina R. Kennedy (P84790)
SOMMERS SCHWARTZ, P.C.
One Town Square, 17th Floor
Southfield, Michigan 48076
Tel: (248) 355-0300
pkennedy@sommerspc.com

*Attorneys for Plaintiff and the Proposed Collective*